UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
-----------------------------------------------------------------------------------------------------------------

ALFONSO MORALES
977 Autumn Ridge Drive
Oconomowoc, WI 53066

        Plaintiff,

                              Case No.

   v.

CITY OF MILWAUKEE,
200 East Wells Street
Milwaukee, Wisconsin 53202

BOARD OF FIRE AND POLICE COMMISSIONERS
200 East Wells Street
Milwaukee, Wisconsin 53202

GRISELDA ALDRETE
5420 W. Jerelyn Place
Milwaukee, Wisconsin 53219

STEVEN DEVOUGAS
3004 N. 70th Street
Milwaukee, Wisconsin 53210

NELSON SOLER
3754 S. Clement Avenue
Milwaukee, Wisconsin 53207

ANN WILSON
4815 W. Custer Avenue
Milwaukee, Wisconsin 53218

FRED CROUTHER
4201 N. 16th Street, Unit 2
Milwaukee, Wisconsin 53209

ANGELA MCKENZIE
3131 W. McKinley Boulevard, #3133
Milwaukee, Wisconsin 53208

EVERETT COCROFT
8334 N. 111th Street
Milwaukee, Wisconsin 53224

and

RAYMOND ROBAKOWSKI
7925 W. Ohio Avenue
Milwaukee, Wisconsin 53219

Members of City of Milwaukee Fire and Police Commission,
individually and in their official capacity

Defendants.

---------------------------------------------------------------------------------------------------------------

# COMPLAINT

---------------------------------------------------------------------------------------------------------------

NOW COMES Plaintiff Alfonso Morales, by his attorneys, Franklyn M. Gimbel, Raymond M. Dall'Osto, Jaclyn C. Kallie and Brianna J. Meyer, of Gimbel, Reilly, Guerin & Brown LLP, and complains against the above-named Defendants, and for his claims for relief, alleges and shows to the Court as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, for the violation of the Plaintiff's Federal Civil Rights by the defendants.

2. This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) and (4) (civil rights) and 42 U.S.C. §1983. This Court also has supplemental subject matter jurisdiction over

Plaintiff's state law claims (pendent state claims) pursuant to 28 U.S.C. § 1367, as they are so related to the claims in the action within the court's original jurisdiction that they form part of the same case or controversy. This Court has personal jurisdiction over each of the government entity defendants, and as to each individual defendant as they are residents of the State of Wisconsin and all actions complained of herein occurred in the State of Wisconsin.

3.　　Venue for this action properly lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b), because defendants are either located in or are citizens of this judicial district and all of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.　　Plaintiff Alfonso Morales is an adult citizen and resident of the State of Wisconsin, residing at 977 Autumn Ridge Drive, Oconomowoc, WI 53066, and was, until his summary removal, the Chief of Police of the City of Milwaukee, who was appointed and served pursuant to Wis. Stat. §§ 62.09(13), 62.13(3) and (5)(j), 62.50(6), among other statutes, city ordinances implementing such and a contract between the defendants employing him as Chief of Police.

5.　　Defendant City of Milwaukee ("City") is a municipal corporation and political subdivision of the State of Wisconsin, duly organized and operating under the laws of the State, including Wis. Stat. Chapter 62, with its governmental offices located at 200 East Wells Street, Milwaukee, Wisconsin 53202. The City is liable pursuant to Wis. Stat. § 895.46, for the acts and for payment of any judgment entered against a public

3

officer or employee named in this action, because said defendants were and are acting within the scope of their employment at the time they committed the acts causing the injuries and damages to Morales.

6. Defendant Board of Fire and Police Commissioners ("the Board") is a municipal corporation and political subdivision of the State of Wisconsin, City of Milwaukee, duly organized and operating under the laws of the State, including Wis. Stat. § 62.13(1) and (5)(j), with its governmental offices located at 200 East Wells Street, Milwaukee, Wisconsin 53202. The Board is liable pursuant to Wis. Stat. § 895.46, for the acts and for payment of any judgment entered against a public officer or employee named in this action, because said defendants were acting within the scope of their employment at the time they committed the acts causing the injuries and damages to Morales.

7. Defendant Griselda Aldrete is an adult citizen and resident of the State of Wisconsin, residing at 5420 W. Jerelyn Place, Milwaukee, Wisconsin 53219, who was the executive director for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

8. Defendant Steven Devougas is an adult citizen and resident of the State of Wisconsin, residing at 3004 N. 70th Street, Milwaukee, Wisconsin 53210, who was the chairperson of the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

4

9. Defendant Nelson Soler is an adult citizen and resident of the State of Wisconsin, residing at 3754 S. Clement Avenue, Milwaukee, Wisconsin 53207, who was the vice-chair for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

10. Defendant Ann Wilson is an adult citizen and resident of the State of Wisconsin, residing at 4815 W. Custer Avenue, Milwaukee, Wisconsin 53218, who was a commissioner for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

11. Defendant Fred Crouther is an adult citizen and resident of the State of Wisconsin, residing at 4201 N. 16th Street, Unit 2, Milwaukee, Wisconsin 53209, who was a commissioner for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

12. Defendant Angela McKenzie is an adult citizen and resident of the State of Wisconsin, residing at 3131 W. McKinley Boulevard, #3133, Milwaukee, Wisconsin 53208, who was a commissioner for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

13. Defendant Everett Cocroft is an adult citizen and resident of the State of Wisconsin, residing at 8334 N. 111th Street, Milwaukee, Wisconsin 53224, who was a

5

commissioner for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

14.     Defendant Raymond Robakowski is an adult citizen and resident of the State of Wisconsin, residing at 7925 W. Ohio Avenue, Milwaukee, Wisconsin 53219, who was a commissioner for the City of Milwaukee Fire and Police Commission in and after August 2020 and at all times relevant to this action, was acting under color of law and within the scope of appointment and employment with the Board and the City.

## FACTS COMMON TO ALL CLAIMS

15.     Plaintiff realleges paragraph nos. 1 through 14 of this complaint as though fully set forth herein.

16.     In February 2018, the Board of Fire and Police Commissioners named Plaintiff Morales Interim Chief of Police of the City of Milwaukee, after the mid-term retirement of former Chief Edward Flynn.

17.     In April 2018, the Board of Fire and Police Commissioners appointed Morales to serve as Chief of Police of the City of Milwaukee Police Department until January 8, 2020.

18.     On December 16, 2019, then Board chairperson Steven DeVougas announced the Board would not vote on the reappointment of Morales, despite his term ending in less than thirty days, citing "unanswered questions" that he had as the purported reason.

6

19.     At a hearing of the Board held on December 18, 2019, the Board of Fire and Police Commissioners voted to reappoint Morales to serve a four-year term, successive to his completion of Flynn's term.

20.     The Board of Fire and Police Commissioners and Morales entered into a written contract on December 18, 2019, memorializing his appointment to serve a four-year term, which agreement reappointed Morales as the Chief of Police of the City of Milwaukee Police Department for a term commencing on January 8, 2020 and expiring on January 8, 2024.

21.     The four-year term for the Chief of Police is established by City of Milwaukee Ordinance 312-01, in accord with Wis. Stat. § 62.50(6).

22.     The COVID-19 pandemic struck Milwaukee and the United States in earnest in February and March 2020, some sixty days into Chief Morales' four-year term. City officials were tasked with focusing on responding to the pandemic and maintaining public safety and order, amidst the shutdown of the economy, while keeping essential government services operational.

23.     On May 25, 2020, George Floyd was tragically killed by police officers in Minneapolis, spawning weeks of protest and unrest across the nation and in Milwaukee, requiring a police response in the City and throughout the nation.

24.     In June and July 2020, the Police Department's handling of the civil unrest, arising from protests in the City following the death of George Floyd, was brought into question by some citizens and groups, which were covered by local media.

25.     On July 2, 2020, Mel Johnson, an attorney hired to investigate ethics complaints about Board chairperson DeVougas, issued a report in which Chief Morales is cited as having said that DeVougas had told him that he would vote to reappoint Morales if Morales first fired a City of Milwaukee Police officer, who was involved in the arrest of Milwaukee Bucks basketball player Sterling Brown.

26.     Brown was subdued by police officers who used a taser on him during a confrontation outside of a Walgreen's in January 2018, which actions resulted in a federal lawsuit being brought pursuant to 42 U.S.C. § 1983. *Brown v. City of Milwaukee, et al.*, Case No. 18-CV-922 (E.D. Wis.).

27.     On July 7, 2020 and July 13, 2020, an executive officer of the Milwaukee Police Department informed other executive officers of the Department that he had been advised by a member of the defendant Board and its Executive Director, Griselda Aldrete, that the Board had decided to remove Morales as Chief of Police, and that the officer who made the disclosure and another senior officer would be considered as candidates to replace Morales.

28.     The Board met in executive session with Morales on July 16, and set a one item agenda for its meeting on July 20, 2020, to consider: "a resolution to vote and issue directives for Police Chief Alfonso Morales."

29.     On July 20, 2020, the Board met and issued an executive order setting forth multiple directives for Chief Morales and the City of Milwaukee Police Department. The order required Chief Morales to comply with the directives by specified dates, ranging from seven to thirty days after the issuance of the directives. These directives included a

8

clause stating that failure to comply with the directives shall result in "disciplinary action by the Board, including discharge, suspension, or reduction in rank, pursuant to Sec. 62.50 Wis. Stats."

30. On July 21, 2020, Chief Morales wrote a letter to the Board requesting that he be provided with a copy of the exact directives that the Board issued the previous day.

31. The Board thereafter provided Morales with a copy of the written directives which had not been done previously.

32. Chief Morales wrote a second letter to the Board, requesting additional time to provide some of the information demanded by the Board in the written directives.

33. On August 1, 2020, Board executive director Aldrete advised Chief Morales that the Board would extend the deadline for one directive, but the deadlines for the remaining directives would be unchanged.

34. On July 28, 2020, Milwaukee City Attorney Tearman Spencer wrote to City of Milwaukee Mayor Tom Barrett, advising the Mayor that one of the Board's directives -- that Morales disclose information related to the Police Department's compliance with a settlement agreement resolving a federal civil rights case -- would jeopardize that settlement agreement.

35. City Attorney Spencer encouraged Mayor Barrett to overrule the Board's directive to disclose such information, but the Mayor took no action.

36. On August 4, 2020, in compliance with the Board's directive that Morales publicly explain the Police Department's use of non-lethal chemical irritants, Chief Morales and then-Assistant Chief of Police Michael Brunson, Sr., appeared in a Police

Department video, which was publicly released via a media release with a link on YouTube, addressing and explaining police officers' use of tear gas and pepper spray during the civil unrest that grew out of the protests following the death of George Floyd.

37. On August 5, 2020, the Milwaukee Police Department issued a report to the Board that some the directives were unclear and echoed the concern previously expressed by the City Attorney that some of the information requested related to incidents that were part of internal investigations, pending cases or civil litigation, the release of which information could compromise those matters.

38. Despite these stated concerns, Chief Morales and the Milwaukee Police Department provided to the Board the information required in the July 20 directives on the afternoon of August 6, 2020.

39. On the afternoon of August 6, 2020, just a few hours before the scheduled meeting of the Board, relative to Chief Morales, Board Chairperson DeVougas released a lengthy statement to the press and public and conducted a press conference, critical of Chief Morales, in which he divulged discussions he had with the Chief and Mayor Barrett about a police officer-involved shooting and other concerns he said he had about Morales.

40. Board Chairperson DeVougas' comments reflected his animus towards Morales and previewed his predisposition to take adverse action against Morales and his continued employment as Chief of Police.

41. On August 6, 2020, the Board met to discuss a resolution to vote on the "dismissal, demotion, licensing, or discipline of Milwaukee Police Chief Alfonso Morales."

10

42.     The Board never convened itself for a hearing, before an impartial tribunal, at which time evidence would be presented in support of specific allegations, as is required by Wis. Stat. § 62.50 (16) and (19) and 62.13(5)(j), relevant Wisconsin caselaw, and the notice, due process, equal protection and fair hearing requirements of the United States and Wisconsin Constitutions.

43.     At the August 6, 2020 meeting, Board members discussed some concerns they had during the tenure of Chief Morales, and voted unanimously to approve a motion to remove Morales from his position as Chief of Police, and to demote him to Captain.

44.     No filing or service of a complaint or notice of charges against Chief Morales was ever made by the Board or anyone on its behalf, as is required under Wis. Stat. § 62.50(14), (15) and (19) and 62.13(5)(j), and the notice, due process and fair hearing requirements of the United States and Wisconsin Constitutions, and none were made on the record.

45.     Chief Morales was never given any written charges, either before or at the August 6 meeting.  No formal charges had been issued or filed before the meeting, none were stated or presented to Morales at the meeting, nor were any specific formal charges discussed by the defendant Board members at the August 6, 2020 meeting prior to their rendering their summary removal and demotion decision.

46.     While Chief Morales was present and represented by counsel at this meeting, at no point during the meeting was Chief Morales or his counsel ever allowed to speak or to offer his own evidence or witnesses to rebut the vague assertions and

accusations made by the Board, or to respond to the motion to remove him as Chief and to demote him to Captain.

47. No sworn testimony was taken at this meeting, no documentary or other evidence was provided, referenced or entered into the record, and none was ever provided to Chief Morales.

48. Morales and his counsel were not given any opportunity to cross-examine witnesses, engage with or question Board members or otherwise answer the charges, including through the presentation of his own witnesses and other evidence.

49. The Board never made or filed written findings of fact, conclusions or a decision following the August 6, 2020 meeting, as it is required to do under Wis. Stat. § 62.50(17)(a) and 62.13(5)(f) and (j), and the notice, due process and fair hearing requirements of the United States and Wisconsin Constitutions, and none were made on the record.

50. After the Board's vote to remove Morales as Chief and demote him, to be effective immediately, the Board did not advise or issue findings or determinations to allow him to commence judicial review of its decision, including seeking a stay of the Board's action pending such review. Wis. Stat. § 62.50(17)(a) and 62.13(5)(f) and (j).

51. A petition for judicial review of the Board's summary action in removing Morales as Police Chief and demoting him, pursuant to Wis. Stat. § 62.50(20)-(21), and for certiorari review was filed in state court by Morales on September 8, 2020. *Morales v. City of Milwaukee and Board of Fire and Police Commissioners*, Case No. 20-CV-5352 (Milwaukee County Circuit Court).

52.     As a result of the defendants breaking their four-year contract with Plaintiff Morales without cause, not following required statutory and constitutional requirements in doing so by fiat, and not allowing him to return to work as Chief of Police pending the disposition of the circuit court appeal of the summary removal as Chief, Morales was forced to resign due to intolerable and illegal conditions, which constitutes a constructive discharge.  He began to withdraw monies from his pension with the City's Employee Retirement System (ERS) in August 2020.

53.     After briefs and arguments were presented to the Circuit Court, the Hon. Christopher R. Foley presiding, a decision and order was rendered by Judge Foley on December 18, 2020.  Copy attached and incorporated herein as Exhibit 1.  *Morales v. City of Milwaukee and Board of Fire and Police Commissioners*, Case No. 20-CV-5352 (Milwaukee County Circuit Court).

54.     Judge Foley reversed in its entirety the August 6, 2020 decision of the Board removing Morales as Police Chief and demoting him to Captain.  Neither the City or the Board ever asked Judge Foley to reconsider this decision, and the defendants never filed an appeal of his December 18, 2020 decision and order.

55.     Judge Foley considered and decided the case under both the statutory appeal standards of Wis. Stat. § 62.50, and under the certiorari review standard, because the defendant Board and its members failed to provide notice, a written decision and a number of other due process violations.  Exhibit 1, p. 4.

56.     Judge Foley found that "the City admits, as they should, the process by which then-Chief Morales was demoted is indefensible. The disregard for the statutory

and constitutional requirements of notice and opportunity to be heard was open and obvious." Exhibit 1, p. 4.

57.     Judge Foley found that:

structural errors, requiring automatic reversal, affect and permeate the entire conduct of the proceedings. It is clear this entire process was flawed. It was not properly initiated, depriving the petitioner of notice of the specific charges against him; no evidence was presented to support whatever those charges may have been; he was not permitted to challenge any evidence in support of those charges by cross examination or presentation of his own witnesses or evidence; as noted below, even on this limited record, it is clear one of the tribunal members was not impartial; the tribunal failed to make findings as to what charges were sustained and justified the demotion. Disregard of the statutory and constitutional requirements attending this process pervaded it from beginning to end.

Exhibit 1, pp. 5-6.

58.     Following receipt of Judge Foley's December 18 decision and order, Morales' counsel contacted opposing counsel at the City Attorney's Office to inquire about arrangements for Petitioner to promptly resume his duties as Chief of Police and to set a time for his return to work as Chief.

59.     The Assistant City Attorney representing the defendants indicated that there could not be an immediate return and reinstatement of plaintiff Morales to work as Chief at the Police Department. Defendants' counsel requested that Morales should not show up for work at the Police Administration Building and requested that he hold off on physically returning to resume his duties as Chief, until the City and the Board considered and decided which way they would proceed, *i.e.*, a return to work as Police Chief or entering into a financial settlement, including a buy-out of the remainder of Morales' contract.

14

60. In good faith, not wanting to provoke an unnecessary confrontation at the Police Administration Building with the acting chief, not wanting to cause discord within the Department or public embarrassment to the members of the Milwaukee Police Department, Morales, in consultation with his legal counsel, acceded to the City's request that he delay his actual return to work as Police Chief for a short period of time.

61. Plaintiff Morales' lawyers requested that a meeting with representatives of the defendants be promptly held, to finalize which direction things would take; and if a financial settlement and contract buy-out proposal was not put forth, to agree to a date when Morales would return to work as Chief of Police. This meeting was held at the office of Plaintiff's lawyers at the end of December 2020.

62. After this meeting, Morales and his lawyers did not receive any proposal for settlement or a specific return to work date from the defendants, so on January 17, 2021, Plaintiff's lawyers sent a letter to counsel for the defendants requesting a decision, one way or the other. Counsel acknowledged receipt of this letter.

63. Since that time, Morales and his lawyers have not received any written response from the City or from the Board or its representatives, nor have they been given a specific return to work date or an alternative offer for settlement and buy-out from the defendants, following the letter of January 17, 2021.

64. In February 2021, when local news media reported a dispute between some members of the Board and the City Attorney's Office, and that private, outside counsel might be retained to represent the defendants, one of Morales' lawyers contacted that

15

private counsel, to try to establish "who was on first" and to set a specific date for Morales to resume his position as Chief of Police.

65.     Plaintiff Morales never wanted to be removed as Chief of Police, and was ready, willing and available to return to work as Chief in December 2020 and since that time, including up until the filing of this lawsuit.  This was expressed to representatives of the defendants on many occasions, to no avail.

66.     As a result of the defendants continuing to stall and their never offering a return to work date or making a written offer to buy out the remainder of Plaintiff's contract plus back pay and additional costs incurred, Morales filed a motion to enforce Judge Foley's decision and order in April 2021.

67.     On May 19, 2021, Milwaukee County Circuit Judge Christopher R. Foley held a hearing on Morales' motion to enforce the December 2020 order previously issued by the court, which the City and Board opposed.   A transcript of the May 19th motion hearing is attached and incorporated herein as Exhibit 2.  *Morales v. City of Milwaukee and Board of Fire and Police Commissioners*, Case No. 20-CV-5352 (Milwaukee County Circuit Court).

68.     After hearing the arguments of counsel, Judge Foley granted Morales' motion to enforce and ordered him reinstated as Chief of Police.  Judge Foley then stayed the effective date of the return to work order for 45 days, so that the parties would have time and opportunity to try to negotiate a settlement, which the court strongly encouraged.  Copy of order reinstating Morales is attached and incorporated herein as

Exhibit 3. *Morales v. City of Milwaukee and Board of Fire and Police Commissioners*, Case No. 20-CV-5352 (Milwaukee County Circuit Court).

69.     Having received no written response from the defendants in the weeks after the May 19th court hearing and decision, Morales' lawyers sent another letter to the defendants' legal representative on June 1, 2021, proposing to work out details for Morales to return to work as Chief, in early July 2021, or in the alternative, proposing terms for a buy-out of his contract, plus back pay, additional costs, etc. Morales' lawyers also offered in their June 1 letter Plaintiff's proposal for and agreement to participate in mediation.

70.     On June 9, 2021, the defendants filed a notice of appeal of Judge Foley's order reinstating plaintiff Morales as Chief of Police.

71.     As of the date of the filing of this lawsuit, the defendants have not responded to the June 1, 2021 letter sent to them by Morales' legal counsel, nor to the previous letter sent in January 2021.

72.     By filing this appeal, the defendants are apparently in disagreement with Judge Foley's findings, decision and order of December 18, 2020, and his order of reinstatement rendered at the May 19, 2021 hearing, and subsequently signed and filed. Exhibit 3. This "big stall" and refusal to comply with state court orders, and the concomitant continuing violation of Plaintiff Morales' statutory, common law and state and federal constitutional rights and denial of his liberty and property interests, continues to cause him injury and damages.

73.     Given the defendants' more than six months of offering nothing and refusing to comply with Judge Foley's orders for reinstatement, Plaintiff Morales has tried to mitigate his damages by putting out feelers and applications for other possible alternative employment opportunities.  He was offered a position with better pay several months ago, but because of the continuing controversy, which was and continues to be caused and abetted by defendants' intransigent defense of their illegal and unconstitutional actions, and the resultant press coverage of same, the job offer made to him and accepted was withdrawn because of such.

74.     Given the defendants' more than six months of offering nothing and refusing to comply with Judge Foley's orders for reinstatement, plaintiff Morales faces a significant risk of being retaliated against and undermined every step of the way upon his return as Chief of Police of the City of Milwaukee.  This retaliation and violation of his statutory and constitutional rights, simply for standing up for his rights, also violates state law and federal and state constitutional rights of due process, equal protection and fair treatment.

## NOTICE OF INJURY AND CLAIM

75.     Plaintiff, in furtherance of his causes of action, has timely filed and served on August 20, 2021, a notice of injury and notice of claim upon each of the defendants, City of Milwaukee and the Board of Fire and Police Commissioners, pursuant to Wis. Stat. § 893.80.

76.     More than 120 days have elapsed since service of the notice of claim on the defendants, and Plaintiff has not received a response, which, under Wis. Stat. § 893.80(1g), constitutes a statutory disallowance of claim.

## COUNT I
### Deprivation of Federal Constitutional Rights
### (42 U.S.C. sec. 1983 Violation of First, Fifth and Fourteenth Amendment)

77.     Plaintiff realleges paragraph nos. 1 through 76 of this complaint as though fully set forth herein.

78.     The defendants, in their individual capacities and acting under the color of law, have violated Plaintiff's due process rights by wrongfully depriving Plaintiff of a property right in his rank as a person appointed to Police Chief until January 8, 2024.

79.     The defendants failed to follow the applicable Wisconsin Statutes, Rules and Regulations of the Board of Fire and Police Commissioners of the City of Milwaukee and federal and state constitutional rights during the August 6, 2020 Board meeting during which Plaintiff was summarily removed as Chief of Police and demoted to Captain.

80.     The above-described conduct by the defendants acted as a direct and proximate cause of Plaintiff's injuries.

81.     The above-described conduct by the defendants acting under color of law violated Plaintiff's rights pursuant to the First, Fifth and Fourteenth Amendments to the United States Constitution.

82.     The above-described conduct by the defendants deprived the Plaintiff his federally protected property interest without due process of law.

83. As a direct result of defendants' conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

## COUNT II
### 42 U.S.C. § 1983 – *Monell* Claim

84. Plaintiff realleges paragraph nos. 1 through 83 of this complaint as though fully set forth herein.

85. The actions of the individual defendants and their unlawful removal of Plaintiff Morales as Chief of Police, and continued deprivation of that position to him, as alleged above, were done pursuant to one or more *defacto* policies, practices, and/or customs of the City of Milwaukee and the Board of Fire and Police Commissioners, and its individual members.

86. The aforementioned policies, practices, and customs are the proximate causes of the constitutional and other legal violations, and the Plaintiff's injuries.

87. The aforementioned policies, practices, and customs individually and together have been maintained and/or implemented with deliberate indifference by the City of Milwaukee and the Board of Fire and Police Commissioners and have encouraged the individual defendants to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of Constitutional and other legal violations, and Plaintiff's injuries.

88. The above actions and conduct by the City of Milwaukee and the Board of Fire and Police Commission and on the part of its individual members violated the

Plaintiff's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution, was a cause of the Plaintiff's injuries, losses and damages as set forth herein.

89.     As a direct result of defendants' conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

90.     The defendant City of Milwaukee is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the individual defendants in this action because said defendants were acting within the scope of their employment and/or appointment when they committed the acts described above.

**COUNT III**
**Civil Conspiracy and Concerted Action**
**Pursuant to Wis. Stat. §895.045(2)**

91.     Plaintiff realleges paragraph nos. 1 through 90 of this complaint as though fully set forth herein.

92.     The defendants knowingly and voluntarily participated in a scheme to unlawfully and unconstitutionally remove Morales as Chief of Police and demote him to Captain, without affording him the mandatory statutory rights he was entitled to or the federal and state constitutional rights to due process, adequate notice and a fair hearing before an unbiased tribunal.

93.     The defendants knowingly and voluntarily participated in a scheme to unlawfully violate the applicable state statutes, Rules and Regulations of the Board of Fire and Police Commissioners and applicable federal and state constitutional protections, by failing to follow the prescribed processes leading up to, during the August 6, 2020 Board meeting and thereafter.

21

94.    The above unlawful concerted action deprived Plaintiff of his contractual and due process property rights to his rightful position as Chief of Police until the contractual expiration of January 8, 2024.

95.    As a direct result of defendants' conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

## COUNT IV
### Interference with Contract and Prospective Economic Advantage

96.    Plaintiff realleges paragraph nos. 1 through 95 of this complaint as though fully set forth herein.

97.    Plaintiff had an expectancy to maintain his Police Chief position until January 8, 2024, pursuant to contract.

98.    The defendants knew that Plaintiff had an employment contract for a period of four years, ending January 8, 2024.

99.    The defendants purposefully interfered with and prevented the Plaintiff's legitimate expectance of fulfilling his contract by summarily and illegally removing him as Police Chief in August 2020, in contravention of his rights under the contract and applicable laws.

100.    As a result of the named defendants' purposeful interference, Plaintiff was wrongfully demoted and was deprived his due process.

101.    As a result of the named defendants' continuing and purposeful denial of Plaintiff's contractual and legal right, their continuing refusal to abide by court orders reversing the August 2020 removal and reinstating Plaintiff as Chief of Police, and the

resulting public and media controversy created and abetted by defendants' actions, Plaintiff has and will suffer a significant loss of economic opportunity, including future employment.

102.     As a direct result of defendants' conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

## COUNT V
## State Statutory and Constitutional Law Claims

103.     Plaintiff realleges paragraph nos. 1 through 102 of this complaint as though fully set forth herein.

104.     The defendants had a duty to comply with applicable state statutes under Wis. Stat. Chap. 62, along with applicable Rules and Regulations of the Board of Fire and Police Commissioners and under the state constitution.

105.     The defendants violated the statutes applicable to Plaintiff Morales, Rules and Regulations of the Board of Fire and Police Commissioners and state constitutional due process rights by summarily removing him as Chief of Police and demoting him to Captain in August 2020, and by their continuing to refuse to follow state court orders to reinstate him as Chief.

106.     As a result of the named defendants' complete disregard and violation of applicable state statutes and the provisions of Chap. 62 noted above, the Rules and Regulations of the Board of Fire and Police Commissioners of the City of Milwaukee, and state constitutional guarantees of due process, notice, and the right to a fair hearing before

an impartial tribunal, the Plaintiff was wrongfully removed as Chief of Police and demoted.

107.     As a direct result of defendants' conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

## COUNT VI
## Defamation

108.     Plaintiff realleges paragraph nos. 1 through 107 of this complaint as though fully set forth herein.

109.     The defendants made false statements about the Plaintiff, including statements released by the Board and its Chairperson on and after August 6, 2020.

110.     The defendants' false statements include, but are not limited to, stating that the Plaintiff lied, is unprofessional, insubordinate, lacks leadership and unwilling to cooperate.

111.     The defendants communicated these false statements about the Plaintiff to an unknown number of third parties and to local media, press releases, conducting related press conferences regarding the misinformation and their continued opposition and defiance of the decisions and orders of Circuit Court Judge Foley.

112.     The false statements about the Plaintiff made by the defendants were defamatory.

113.     As a direct result of defendants' past and continuing conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

24

## COUNT VII
## Breach of Contract Claim

114.    Plaintiff realleges paragraph nos. 1 through 113 of this complaint as though fully set forth herein.

115.    The parties entered into a contract of employment dated December 18, 2019, for the appointment of plaintiff to the Office of Chief of Police for the City of Milwaukee Police Department for a term commencing on January 8, 2020 and expiring on January 8, 2024.

116.    The Plaintiff performed his obligations under the terms of the contract.

117.    The defendants breached the contract by unilaterally and unlawfully removing Plaintiff Morales from his position as Chief of Police without due process on August 6, 2020, prior to the contract term's expiration.

118.    As a direct and proximate result of defendants' breach of contract, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

## COUNT VIII
## Wrongful Discharge Claim

119.    Plaintiff realleges paragraph nos. 1 through 118 of this complaint as though fully set forth herein.

120.    The parties entered into a contract of employment dated December 18, 2019, for the appointment of Plaintiff to the Office of Chief of Police for the City of Milwaukee Police Department for a term commencing on January 8, 2020, and to serve as Chief of Police until its expiration on January 8, 2024.

121.    The Plaintiff performed his obligations under the terms of the contract.

122.    The defendants unilaterally breached the contract by unlawfully and without cause removing Plaintiff Morales from his position as Chief of Police, and demoting him to Captain, without due process on August 6, 2020, prior to the contract term expiration.

123.    The Plaintiff was unlawfully removed from his position as Chief of Police by the defendants for retaliatory, unreasonable and otherwise malicious motivations and without good cause.

124.    As a direct and proximate result of defendants' intentional breach of contract and wrongful removal of the Plaintiff from his position as Chief of Police, and constructive discharge, Plaintiff has been significantly injured and suffered damages in an amount to be determined at trial.

## COUNT IX
### Retaliation Claim

125.    Plaintiff realleges paragraph nos. 1 through 124 of this complaint as though fully set forth herein.

126.    The past and continuing actions of the defendants in not abiding by the state court's orders finding their actions in removing the Plaintiff as Chief of Police, demoting him and continuing to refuse to reinstate him when so ordered, has and may continue in the future to subject the Plaintiff to retaliation for exercising his statutory and constitutional due process rights to appeal adverse, improper and illegal employment actions, and his opposing such unlawful activity in the workplace, constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended.

26

127. Plaintiff engaged in protected activity by appealing his removal as Chief without due process and his continuing demand that the defendants live up to their obligations under the terms of the contract, which defendants refuse to do.

128. The Plaintiff was improperly and unlawfully removed as Chief of Police by the defendants, without due process of any sort being afforded, and for retaliatory, unreasonable and otherwise malicious motivations without just cause.

129. As a direct and proximate result of defendants' wrongful termination of the Plaintiff, Plaintiff has been significantly injured and suffered damages in an amount to be determined at trial.

## COUNT X
### Intentional Infliction of Emotional Distress

130. Plaintiff realleges paragraph nos. 1 through 129 of this complaint as though fully set forth herein.

131. The above conduct of the defendants was intentional and/or was committed with willful and wanton disregard for Plaintiff's rights.

132. Said actions by the defendants were extreme and outrageous and caused Plaintiff to suffer severe emotional distress.

133. As a direct and proximate result of defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT XI
### Negligent Infliction of Emotional Distress

134. Plaintiff realleges paragraph nos. 1 through 133 of this complaint as though fully set forth herein.

135.    The above conduct of the defendants was negligent.

136.    Said actions by the defendants were extreme and outrageous and caused Plaintiff and his immediate family to suffer severe emotional distress.

137.    As a direct and proximate result of defendants' conduct, Plaintiff and his family have suffered injuries and damages in an amount to be determined at trial.

## COUNT XII
### *Respondeat Superior*

138.    Plaintiff realleges paragraph nos. 1 through 137 of this complaint as though fully set forth herein.

139.    In committing the acts alleged in the preceding paragraphs, the defendants were employees and/or appointees of the City of Milwaukee, and at all relevant times acting within the scope of their employment or appointment.

140.    Defendant City of Milwaukee is liable as principal for all state law torts committed by the named defendant employees and appointees, and is also liable to indemnify them for all judgments against the Board and the individual defendants pursuant to Wis. Stat. § 895.46.

141.    As a direct result of defendants' conduct, Plaintiff has suffered significant injuries and damages in an amount to be determined at trial.

## COUNT XIII
### Punitive Damages

142.    Plaintiff realleges paragraph nos. 1 through 141 of this complaint as though fully set forth herein.

143.    The conduct of the defendants was malicious, willful and wanton and in an intentional disregard of the Plaintiff's rights and has caused him significant injuries and damages.  Plaintiff Morales is therefore entitled to punitive damages pursuant to Wis. Stats. § 895.043.

**NOW, WHEREFORE**, Plaintiff Alfonso Morales demands judgment against the defendants, jointly and severally, for the following relief:

A.    Compensatory damages against each and every one of the defendants, in an amount to be determined at a trial of this matter;

B.    Punitive damages against the individual defendants, in an amount to be determined at a trial of this matter;

C.    Indemnification and payment by the City for all judgments against the Board and the individual defendants pursuant to Wis. Stat. § 895.46;

D.    All costs, disbursements and actual attorneys' fees pursuant to 42 U.S.C. § 1988;

E.    Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial of this matter on all issues so triable.

Dated this 15th day of June, 2021.

GIMBEL, REILLY, GUERIN & BROWN LLP

By:
　　/s/ Franklyn M. Gimbel
　　FRANKLYN M. GIMBEL
　　State Bar No. 1008413
　　fgimbel@grgblaw.com

29

By:

    /s/Raymond M. Dall'Osto
    RAYMOND M. DALL'OSTO
    State Bar No. 1017569
    dallosto@grgblaw.com

By:

    /s/Jaclyn C. Kallie
    JACLYN C. KALLIE
    State Bar No. 1088902
    jkallie@grgblaw.com

By:

    /s/Brianna J. Meyer
    BRIANNA J. MEYER
    State Bar No. 1098293
    bmeyer@grgblaw.com
Attorneys for Plaintiff Alfonso Morales

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone:  414/271-1440
Fax: 414/271-7680