FILED
12-18-2020
John Barrett
Clerk of Circuit Court
2020CV005352

**BY THE COURT:**

**DATE SIGNED:** December 18, 2020

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 14 | MILWAUKEE COUNTY |
|---|---|---|

ALFONSO MORALES,

      Petitioner,

v.                                                Case No. 20-CV-5352

CITY OF MILWAUKEE
    And
BOARD OF FIRE AND POLICE COMISSIONERS

      Respondents.

## DECISION AND ORDER

On August 6, 2020, Petitioner Alfonso Morales ("Mr. Morales") was demoted from the position of Chief of Police of the City of Milwaukee Police Department to Captain by decision of the Board of Fire and Police Commissioners ("the Board" or "Commission"). On September 8, 2020 Mr. Morales filed a petition pursuant to Wis. Stat. § 62.50(20) seeking a review of the Board decision. The Court has reviewed the record, evidence, and arguments, and for the reasons set forth herein **REVERSES** the decision of the Board.

1

## STATEMENT OF FACTS[1]

Mr. Morales was appointed Chief of Police on December 18, 2019. On July 20, 2020, The Board met and issued an executive order setting forth multiple directives for Chief Morales and the City of Milwaukee Police Department. The order required Chief Morales to comply with the directives by specified dates, ranging from seven to thirty days after the issuance of the directives. These directives included a clause stating that failure to comply with the directives shall result in "disciplinary action by the Board, including discharge, suspension, or reduction in rank, pursuant to Sec. 62.50 Wis. Stats."

On August 6, 2020, the Board met again to discuss a resolution to vote on the "dismissal, demotion, licensing, or discipline of Milwaukee Police Chief Alfonso Morales." At the meeting, members discussed specific issues they had with the tenure of Chief Morales, and voted 7-0 on a motion to demote Chief Morales from Chief of Police to Captain. Chief Morales was present and represented by counsel at this meeting, but at no point was Chief Morales allowed to speak or to offer his own evidence or witnesses to rebut the accusations made by the Board. No sworn testimony was taken, no evidence was entered into the record or provided to Chief Morales, and no formal charges were discussed.

## STANDARD OF REVIEW

In Wisconsin, a police officer may challenge a disciplinary decision in two ways: a common-law certiorari appeal and a statutory appeal pursuant to Wis. Stat. § 62.50. These appeals may be sought simultaneously. *See State ex rel. Heil v. Green Bay Police and Fire Comm'n*, 2002 WI App 228, ¶ 1, 256 Wis. 2d 1008, 652 N.W.2d 118.

---

[1] The record returned to this Court by the Board was sparse, and thus the statement of facts is likewise sparse. *See* Wis. Stat. § 62.50(21)

### I.  Standard of review for a statutory appeal pursuant to Wis. Stat. § 62.50

Wis. Stat. § 62.50 limits the circuit court's review to the question: "Under the evidence is there just cause . . . to sustain the charges against the accused?"  Wis. Stat. § 62.50(21). In evaluating whether there was just cause for the Board's actions, judicial review is limited to determinations of "the sufficiency of the evidence and the relationship between the discipline imposed and the seriousness of the conduct justifying the discipline." *Gentilli v. Bd. of the Police and Fire Comm'rs of the City of Madison*, 2004 WI 60, ¶ 34, 272 Wis. 2d 1, 17, 680 N.W.2d 335. Thus, the circuit court's role is to ensure that "the Board's [just cause] decision is supported by the evidence that the Board found credible."  *Younglove v. City of Oak Creek Fire & Police Comm'n*, 218 Wis. 2d 133, 139, 579 N.W.2d 294 (Ct. App. 1998). The court must defer to the Board's factual findings and witness credibility determinations, and may not substitute its judgment for that of the Board. *Id.* at 138-141. The question is not "whether the court would decide the same way upon the evidence, but simply whether the board had performed its statutory duty." *Clancy v. Bd. of Fire & Police Comm'rs of Milwaukee*, 150 Wis. 630, 636, 138 N.W. 109 (1912).

### II.  Standard of review for a common-law certiorari appeal

A writ of certiorari "review[s] legal defects in the administrative record for which there is no statutory judicial review." *State v. Goulette*, 65 Wis. 2d 207, 214, 222 N.W.2d 622 (1974). Thus when the court is simultaneously considering a statutory appeal pursuant to Wis. Stat. § 62.50, certiorari review is limited to (1) whether the Board kept within its jurisdiction, and (2) whether the Board proceeded on a correct theory of law. *Gentilli*, 2004 WI 60, ¶ 21. The other two aspects of certiorari review, whether a decision was arbitrary, oppressive, or unreasonable; or the Board might have reasonably made the order or finding that it made based on the evidence are properly addressed under Wis. Stat. § 62.50. *See Sliwinski v. Bd. of Fire & Police Comm'rs of City of*

*Milwaukee,* 2006 WI App 27, ¶ 12, 289 Wis. 2d 422, 434, 711 N.W.2d 271. On certiorari review, there is a presumption that the commission acted according to the law and that the decision reached was correct. *State ex. rel. Ruthenberg v. Annuity and Pension Bd. of the City of Milwaukee*, 89 Wis. 2d 463, 473, 278 N.W.2d 835 (1979). Whether a Board has acted according to the correct theory of law includes the common law concepts of due process and fair play. *Umhoefer v. Police and Fire Com'n of City of Mequon*, 2002 WI App 217, ¶ 19, 257 Wis.2d 539, 551, 652 N.W.2d 412.

## ANALYSIS

As a preliminary matter, I will be deciding this appeal both under the standards for a statutory appeal pursuant to Wis. Stat. § 62.50(20)-(21) and the standards for a common-law certiorari appeal. "[T]he labeling of a pleading does not determine the nature of the action, but that is determined by a consideration of all the allegations of the pleading." *Durkin v. Board of Police and Fire Com'rs for the City of Madison*, 48 Wis. 2d 112, 118, 180 N.W.2d 1 (1970). Because Mr. Morales has pleaded both an appeal under Wis. Stat. §62.50, an evidentiary statute, and asserted a complaint about the failure to provide notice, a written decision and a number of other due process violations, issues addressed under certiorari, it is appropriate to treat the petition as seeking both forms of appeal.

The City admits, as they should, the process by which then-Chief Morales was demoted is indefensible. The disregard for the statutory and constitutional requirements of notice and opportunity to be heard was open and obvious. Wis. Stat. § 62.50; *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306 (1950). That leaves then only the question of the appropriate remedy.

The City asserts the matter should be remanded to the Commission with directions, presumably to allow the following:

1. Filing and service of a complaint. Wis. Stat. § 62.50 (14), (15) and (19).
2. Convening of a hearing before an impartial tribunal of the Commission at which evidence would be presented in support of the allegations. Wis. Stat. § 62.50 (16) and (19); *Marris v. City of Cedarburg*, 176 Wis. 2d 14, 498 N.W.2d 842 (1993); *Guthrie v. WERC*, 111 Wis. 2d 447, 454, 331 N.W.2d 331 (1983).
3. Affording Mr. Morales the opportunity to cross examine witnesses and otherwise answer the charges, including through the presentation of his own witnesses and other evidence. *Id*. and *Sliwinski v. Board of Fire and Police Commissioners*, 2006 WI App 27, ¶ 13, 289 Wis.2d 422, 435, 711 N.W.2d 271.
4. Allowing the Commission to then make and file written findings and a decision. Wis. Stat. § 62.50 (17) (a).
5. If the renewed determination is adverse to Mr. Morales, allow him to re-commence the judicial review process if he so chooses.

Even the most casual observer would conclude the City/Commission seeks remand with direction to start the entire process over and do all they were required but failed to do in the first instance by ignoring virtually all statutory and constitutional requirements in these underlying proceedings.

Neither I, my law clerk, nor apparently the parties have found any appellate decisions providing guidance as to when remand with directions is preferable to reversal.[2] I have looked to the "structural error" decisions to provide some guidance. Those decisions, in my view, suggest remand with directions anticipates remediation of errors by corrective measures in an action that was properly commenced and maintained with some modicum of fairness---not remediation of a fundamentally and pervasively flawed proceeding both in its initiation and process. *Compare Sliwinski*, 2006 WI App 27; *Jadair, Inc. v. U.S. Fire Ins*., 209 Wis. 2d 187, 562 N.W.2d 401

---

[2] The City asserts that *Sliwinski* and *Umhoefer* mandate remand upon a finding of a due process violation. This is a dramatically overbroad reading and entirely different facts confronted the Sliwinski and *Umhoefer* courts. Sliwinski and *Umhoefer* were properly and specifically charged; were afforded the opportunity before an impartial tribunal to challenge through cross examination adverse witnesses (and, presumptively, if they chose, through the presentation of their own) and generally afforded all the process required by statute and the constitution---lacking only access in both to critical witness testimony. *Sliwinski*, 2006 WI App 27, ¶ 13, 16; *Umhoefer*, 2002 WI App 217, ¶ 13, 21.

5

(1997); and *In the Interest of S.M.H.*, 2019 WI 14, 385 Wis.2d 418, 922 N.W.2d 807.[3] Structural errors, requiring automatic reversal, affect and permeate the entire conduct of the proceedings. It is clear this entire process was flawed. It was not properly initiated, depriving the petitioner of notice of the specific charges against him;[4] no evidence was presented to support whatever those charges may have been; he was not permitted to challenge any evidence in support of those charges by cross examination or presentation of his own witnesses or evidence;[5] as noted below, even on this limited record, it is clear one of the tribunal members was not impartial; the tribunal failed to make findings as to what charges were sustained and justified the demotion. Disregard of the statutory and constitutional requirements attending this process pervaded it from beginning to end.

I acknowledge that from the City's perspective there is great benefit in remand with directions. Remand continues the status quo as of the conclusion of the Commission hearing with Mr. Morales demoted to captain and appealing that demotion. *MPA v. City of Milwaukee*, 2008 WI App 119, ¶ 5, 313 Wis.2d 253, 259, 757 N.W.2d 76 (*Sliwinski* II). It avoids the potential, noted in media accounts, of "two chiefs." But that is a potential dilemma of the Commission's own making and wholly ignores the detrimental impact of the fundamentally flawed process on the interests of Mr. Morales. This record does not and cannot justify remand.

---

[3] It pains me to cite a decision in which I was reversed---in a termination of parental rights proceeding, no less---for having committed structural error. Despite Chief Justice Roggensack's passionate dissent, I agree the error required reversal. However, the implication, particularly in the first paragraph of the decision, that I denied a father of a child the right to present his side of the story because I was too lazy or unconcerned could not be further from the truth.

[4] The Commission clearly operated on the assumption the directives issued to Mr. Morales functioned as a complaint in the appeal process. Even under this wholly unwarranted view, there was no evidence offered in support of Morales purported non-compliance (or, for that matter, compliance) with those directives and therefore no basis to sustain a finding of non-compliance.

[5] Deciding a disputed issue before/without allowing the opposing party to present their case in chief was the structural error involved in *In re S.M.H.*, 2009 WI 14, ¶ 16.

Reversal leaves unaddressed significant issues which otherwise would have been resolved. I will leave most, potentially, for another day and likely another court. However, I will offer that but for Commissioner Robakowski's resignation, if remand had been the remedy, I would have recused him pursuant to *Marris* as the record established an inordinate risk of bias and prejudgment. *Marris*, 176 Wis.2d at 26.[6] I don't agree with Mr. Morales' position the record established intractable bias and prejudgment on the part of all of the Commissioners rendering the securing of an impartial determination implausible. Commissioner Soler's comments give some pause but don't meet the Marris standard. **This record** as to Commissioner DeVougas does not establish he would have to be disqualified. However, this record is devoid of arguably pertinent information precisely because the process was so flawed. Ex. 3 of the Morales brief--not part of the present record by which I am constrained----if part of the record for judicial review of a renewed disciplinary process with an adverse determination as to Mr. Morales would foreshadow significant Marris concerns certainly for me and, I assume, any other reviewing court.

For the reasons stated above, just cause for demotion is not established/sustained. As to certiorari review, the Commission did not proceed on a correct theory of law. *Umhoefer*, 2002 WI App 217, ¶ 13. The order of the Commission is **REVERSED**.

---

[6] Contrary to the City's position, I read *Marris* to not only permit but require me to preemptively recuse a biased/prejudging commissioner.